

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

| | |
|---|---|
| IN RE: | CASE No. 3:16-bk-30247 |
| | *Jointly Administered at 3:16-bk-30227* |
| SABBATICAL, INC., | CHAPTER 11 |
| Debtor. | JUDGE FRANK W. VOLK |

**MEMORANDUM OPINION AND ORDER
DENYING DEBTOR'S MOTION TO RECONSIDER**

Pending is Debtor Sabbatical, Inc.'s Motion to Reconsider Order Granting United States Trustee['s] Motion to Appoint Chapter 11 Trustee (doc. 406) (the "Motion to Reconsider").

The Court granted the United States Trustee's ("UST") Motion to Appoint Chapter 11 Trustee (the "Trustee Order") on March 24, 2017, following a hearing held over two days in November 2016. Debtor Sabbatical, Inc. ("Sabbatical") seeks reconsideration pursuant to Federal Rule of Civil Procedure 59(e), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9023.[1]

**I.**

The decision to grant a Rule 59(e) motion is a matter within the discretion of the trial court. *Pathways Psychosocial v. Town of Leonardtown, MD*, 223 F. Supp. 2d 699, 706 (D. Md. 2002); *see also Pac Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). The

---

[1] The Court will assume, without adjudicating, that the Trustee Order is sufficiently analogous to a final "judgment" susceptible to reconsideration under Rule 59. Were that not the case, the Court is nevertheless authorized to reconsider the Trustee Order. *See Carlson v. Boston Scientific Corporation*, No. 15-2440, --- F.3d ---, ---, 2017 WL 1854278, at *3 (4th Cir. May 9, 2017).

rule is an "extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). Three situations merit relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* at 378. In addition to one of the foregoing circumstances, some courts have found that a movant must also demonstrate that alteration or amendment "will result in a different disposition of the case." *See, e.g.*, *In re Henning*, 420 B.R. 773, 784 (Bankr. W.D. Tenn. 2009).

Sabbatical asserts the Trustee Order gives rise to "manifest injustice." A "manifest injustice" is synonymous with a "clear error." It occurs "where a court has 'patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *South Carolina v. United States*, --- F. Supp. 3d ---, ---, No. 1:16-cv-00391-JMC (D.S.C. Feb. 7, 2017); *Delaware Valley Floral Group, Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1384 (Fed. Cir. 2010). In evaluating a motion to reconsider, manifest injustice is defined as "an error by the court that is direct, obvious, and observable." *Register v. Cameron & Barkley Co.*, 481 F. Supp. 2d 479, 480 n.1 (D.S.C. 2007).

Importantly, "[a] motion under Rule 59(e) is not an opportunity to re-argue a case," (*Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *see also Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 467 (D. Md. 2003); *Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d, 676, 677 n.1 (D. Md. 2001)), and "[a] party's mere disagreement with the Court's ruling does not warrant a Rule 59(e) motion." *Bank Meridian, N.A. v. Ultra Holdings, LLC (In re Earth Structures, Inc.)*, 490 B.R. 199, 215 (Bankr. D.S.C. 2013) (citing *Hutchison v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)). As put by my good colleague in the North, "[a] motion for reconsideration is an extraordinary means of relief in which the

2

movant must do more than simply reargue the facts or law of the case." *In re Lackey*, 352 B.R. 769, 771 (Bankr. N.D. W. Va. 2006) (Flatley, C.J.). It is equally clear that, "once the hearing was adjourned and the matter taken under advisement, it became the province of the court to interpret the facts as it found them." *In re El-Amin*, 252 B.R. 652, 656–57 (Bankr. E.D. Va. 2000) ("Certainly many of the facts in the record admit of more than one reasonable interpretation. But this reality cannot be the basis for a rule 52(b) or 59(e) motion . . . .").

## II.

Sabbatical asserts several putative errors in the Trustee Order. They are more properly characterized as misplaced challenges to the Court's factual determinations. For example, Sabbatical protests the following finding: "The purchase [of the Lockwood Dock] was at least partially funded by Producers Coal, Inc., an entity that is part of the coal enterprise." Order, p. 2. Sabbatical contends it is unable to find record evidence supporting this partial funding.

Sabbatical need look no further than Mr. Johnson's direct testimony and descriptions about the coal enterprise businesses. These plainly give rise to the reasonable inference drawn by the Court. For example, Mr. Johnson admitted that it was "general practice as needed to make loans and get the loan repayments [between the entities] . . . ." Trans. at 121. He also testified at length to a particular wire transfer from Producer's Coal to Dennis Johnson on December 31, 2015, which, in turn, then partially, but immediately, left Mr. Johnson's account by wire transfer to Sabbatical the same day. Mr. Johnson disagreed with counsel that this was "another example of money coming into Dennis from Producer's Coal and then money going out from Dennis to Sabbatical;" he provided, however, no credible and supported explanation to the contrary. The finding does not merit reconsideration.

3

Another putative error identified by Sabbatical is the finding that, "The United States Trustee asserts that Sabbatical's Chapter 11 filing was accomplished to frustrate the [state court] receiver appointment." Trustee Order at 2-3. Sabbatical contends there is no such averment by the UST. The record is, again, to the contrary. In the UST's Proposed Findings of Fact and Conclusions of Law, she "agrees with, joins and adopts the pertinent facts as summarized by Peoples Bank in its Revised Proposed Findings of Fact and Conclusions of Law . . . ." Doc. No. 125, ¶ 1. In Peoples Bank's Revised Proposed Findings of Fact and Conclusions of Law, it is averred that, "The Debtor filed its Chapter 11 petition in this Court to prevent the appointment of a special receiver." Doc. No. 123, ¶ 14. It is additionally noted that Sabbatical admits it petitioned for relief to "prevent" the appointment of a state court receiver. Sabbatical's Mot. to Dism. Doc. No. 35, ¶¶ 18-19. Also noteworthy is testimony from Mr. Johnson to the same effect: "Yes, sir, the judge . . . said from the bench that she was going to allow a receiver, but my attorneys were confused as to if it was a receiver over everything, over me, over what. So when we left the courtroom, my attorneys told me that now knowing what her ruling was going to be that I had to file bankruptcy immediately. And they recommended that I file bankruptcy on Sabbatical, and I went and talked to Denise about that and recommended it. And we did." (Trans. 83-84). The finding does not merit reconsideration.

The additional, putative problems identified by Sabbatical are similarly errant and fall well short of satisfying the demanding burden imposed by Rule 59. Sabbatical asserts, at best, a different interpretation of the evidence. In the final analysis, the Court was free to weigh the admissible evidence, draw reasonable inferences therefrom, and appropriately categorize the disquieting practice of frequent and sometimes unexplained transfers throughout the coal

enterprise. At bottom, the management concerns advanced by Peoples Bank and, importantly, the UST, are well-founded and warrant the redress sought.

It is, accordingly, **ORDERED** that Sabbatical's Motion to Reconsider Order Granting United States Trustee['s] Motion to Appoint Chapter 11 Trustee be, and is hereby, **DENIED.**

The Clerk's Office is directed to transmit a copy of this written opinion and order to all persons entitled to notice and to reflect the same on the Sabbatical, Inc., and jointly administered Dennis Johnson dockets.