# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| IN RE:<br><br>Dennis Ray Johnson II., et al. (Lead Case)<br><br>DEBTOR. | CHAPTER 11 – TRUSTEE APPOINTED<br><br>CASE NO. 3:16-30227<br>JOINTLY ADMINISTERED[1]<br><br>HON. FRANK VOLK |

## STELLA NATURAL RESOURCES, INC.'S
## LIMITED OBJECTION TO DISCLOSURE STATEMENT

### I. INTRODUCTION

In accordance with Bankruptcy Rule 3017(a) and the Court's order dated December 15, 2017 (D.I. 822), Stella Natural Resources, Inc. ("SNR") submits its limited objection to the Disclosure Statement Accompanying Chapter 11 Plan of Liquidation Dated October 27, 2017, Filed By Peoples Bank (D.I. 768) (the "Disclosure Statement"). The Disclosure Statement and proposed plan fails to incorporate certain terms of the Settlement And Release Agreement (the "Settlement Agreement") that was approved by the Court on November 15, 2017. The Settlement Agreement provides for a specific percentage recovery to SNR on certain claims held by the debtor Sabbatical, Inc. ("Sabbatical"). The Disclosure Statement and proposed plan fail to include provisions honoring that term of the Settlement Agreement.

---

[1] The other Debtors and case captions being jointly administered are: *Appalachian Mining & Restoration LLC*, No. 16-30400; *DJWV1, LLC*, No. 16-30249; *DJWV2, LLC*, No. 16-30062; *Elkview Reclamation and Processing LLC*, No. 16-30250; *Green Coal, LLC*, No. 16-30399; *Joint Venture Development LLC*, No. 16-30403; *Little Kentucky Elk, LLC*, No. 16-30251; *Mousie Processing, LLC*, No. 16-30248; *Producer's Coal, Inc.*, No. 16-30401; *Redbud Dock, LLC*, No. 16-30398; *Southern Marine Services LLC*, No. 16-30063; *Southern Marine Terminal LLC*, No. 16-30064; and *Sabbatical, Inc.*, No. 16-30247 (together, with Dennis Ray Johnson II, the "Jointly Administered Debtors"). The Silo Golf Course is a related Debtor but its case has not been administratively consolidated.

01048261.DOC

Counsel for SNR has communicated with counsel for Peoples Bank and understands that this omission from the Disclosure Statement and plan was inadvertent and that the Disclosure Statement and plan will be amended incorporate the Settlement Agreement.

## II. BACKGROUND AND OBJECTION

1. On October 27, 2017, Peoples Bank filed its Joint Chapter 11 Plan Of Liquidation Dated October 27, 2017, Filed By Peoples Bank (D.I. 767) (the "Proposed Plan"), along with the Disclosure Statement.

2. At the time Peoples Bank filed its Proposed Plan and Disclosure Statement, Peoples Bank, SNR, Case Dock, LLC ("Case"), and the Trustee were negotiating the Settlement Agreement, which agreement was to resolve the pending motion for stay relief filed by Case, among other disputes between the parties.

3. On October 31, 2017, the Trustee filed his Motion To Compromise Controversy Under Fed. R. Bank. P. 9019; Request To Schedule Hearing (D.I. 770), which sought an order from the Court approving the Settlement Agreement. A copy of the Settlement Agreement was attached to that motion.

4. The Settlement Agreement provides, among other terms, that SNR "shall receive twenty-five percent (25%) of the net proceeds (*i.e.*, after attorney fees and expenses) of any recovery obtained by the Trustee and/or Peoples in the Adversary Proceeding,[2] or from any other litigation related to the removal and sale of Coal by TJDB and/or which is the subject of the Adversary Proceeding." Settlement Agreement at 4.4 and 5.2.

5. The Disclosure Statement fails to outline this provision in the Settlement Agreement. Instead, it generally provides that Peoples Bank will receive 75% of net recoveries

---

[2] The Adversary Proceeding is *Fluharty, et al. v. TJD&B, LLC, et al.*, Case No. 16-30227 (Bankr. S.D. W.V., filed May 18, 2017).

2

on estate assets in the Sabbatical case, and other creditors will receive the remaining 25%. *See e.g.*, Disclosure Statement at 2.

6. On November 15, 2017, the Court entered its order approving the Settlement Agreement.

7. The Disclosure Statement should be amended to make clear that the Court-approved Settlement Agreement alters the proposed distribution of estate assets in the Sabbatical case by providing for 25% of net recoveries on certain claims to be paid to SNR.

### III. CONCLUSION

SNR respectfully requests that the Court approve the Disclosure Statement only with amendments that clearly set forth the provisions of the Settlement Agreement providing for the 25% distribution to SNR and otherwise making the Disclosure Statement and proposed plan consistent with the Settlement Agreement.

Respectfully submitted,

/s/ Matthew R. Lindblom
Matthew R. Lindblom
Stoll Keenon Ogden PLLC
500 West Jefferson Street, Suite 2000
Louisville, Kentucky  40202
Tel: (502) 333-6000
Fax: (502) 627-8766
matt.lindblom@skofirm.com

and

/s/ Joseph W. Caldwell
Joseph W. Caldwell
Caldwell & Riffee
P.O. Box 4427
Charleston, WV  25364
Phone (304) 925-2100

*Counsel for Stella Natural Resources, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on January 15, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all ECF users.

                                                /s/ Matthew R. Lindblom
                                                *Counsel for Stella Natural Resources, Inc.*

1543805