IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In Re:

**DENNIS RAY JOHNSON, II, et al.**                    Case No. 16-30227
                                                      Chapter 11
    **Debtor.**
                                                      Jointly Administered

**TRUSTEE'S OBJECTION TO VERIFIED PETITION FOR ALLOWANCE OF
ATTORNEYS FEES AND EXPENSE AS ADMINISTRATIVE EXPENSE**

    Thomas H. Fluharty, Chapter 11 Trustee for the jointly administered bankruptcy estates of Dennis Ray Johnson, II, objects to the Application for Administrative Expense filed by Patrick S. Cassidy, Esquire, Cassidy, Meyers, Cogan & Voegelin, L.C., and Martin P. Sheehan, Esquire, Sheehan & Nugent, PLLC.  In support of his objection, the Trustee states as follows:

    1.    By Order entered November 7, 2016, Thomas H. Fluharty was appointed Chapter 11 Trustee ("Trustee") of the following related coal entities:

| | |
|---|---|
| Appalachian Mining and Reclamation, LLC | Case # 16-30400 |
| DJWV1, LLC | Case # 16-30249 |
| DJWV2, LLC | Case # 16-30062 |
| Elkview Reclamation and Processing, LLC | Case # 16-30250 |
| Green Coal, LLC | Case # 16-30399 |
| Little Kentucky Elk, LLC | Case # 16-30251 |
| Moussie Processing, LLC | Case # 16-30248 |
| Producer's Coal, Inc. | Case # 16-30402 |
| Producer's Land, LLC | Case # 16-30401 |
| Redbud Dock, LLC | Case # 16-30398 |
| Southern Marine Services, LLC | Case # 16-30063 |
| Sothern Marine Terminal, LLC | Case # 16-30064 |

1

2. The debtor entities were each part of an operating coal enterprise under the control of Dennis R. Johnson, II. This Court on November 7, 2016 under the Chapter 11 case of Dennis R. Johnson, II administratively consolidated the debtor entities, case number 16-30227.

3. The November 7, 2016 consolidation order [Docket # 170] provides that "administrative consolidation shall not affect the claims or liens against the above referenced Debtors and shall not increase or decrease the claims or collateral of any creditor existing as of the date of the respective petitions initiating each of these cases." *Order at Page 7*.

4. Accordingly, the Trustee is maintaining separate accounting for each debtor entity and Court approved professionals are also required to maintain separate fee and expense invoices to preserve the assets for payment of administrative expenses and claims of each debtor entity.

5. Soon after the Trustee's appointment, Debtor Dennis Johnson presented to the Trustee an extensive compilation (five (5) three-ring binders) of documents and emails that Mr. Johnson believed established a lender-liability action against Peoples Bank and an insurance bad-faith claim against Great American Insurance Company.

6. The Trustee contacted Cassidy, Meyers, Cogan & Voegelin, L.C. ("Cassidy"), and arranged for a meeting with the Debtor and Debtor's counsel and a review of the documentation.

7. Martin P. Sheehan ("Sheehan"), who has extensive bankruptcy experience, agreed to assist Cassidy.

8. On March 16, 2017, the Trustee filed an application to employ Cassidy and Sheehan as special counsel in the following estates:

Dennis Ray Johnson, II (No. 3:16-bk-30227)

2

        DJWV2, LLC. (No. 3:16-bk-30062)
        Southern Marine Services, LLC. (No. 3:16-bk-30063)
        Southern Marine Terminal, LLC (No. 3:16-bk-30064)
        Redbud Dock, LLC. (No. 3:16-bk-30398)
        Green Coal, LLC. (No. 3:16-bk-30399)
        Appalachian Mining & Reclamation, LLC. (No. 3:16-bk-30400)
        Producer's Land, LLC. (No. 3-16-bk-30401)
        Producer's Coal, Inc. (No. 3:16-bk-30402),
        and Joint Venture Development, LLC. (No. 3:16-bk-30403).

9. The Trustee sought to employ Special Counsel to investigate and prosecute any actions against Peoples Bank, Peoples Insurance Agency, Zachary Burkons, and Great American Insurance Company of New York.

10. As payment for said services, Special Counsel agreed to accept a contingency fee of 40% of amounts recovered (including any waiver of claims of any creditor) plus necessary costs and expenses.

11. The claims of Peoples Bank exceeded $19 million and the potential damages much greater. Accordingly, if litigation were successful, Special Counsel would receive a large fee. The risk assumed by Special Counsel justified the fee.

12. Special Counsel had actual notice of the risks of a contingency fee agreement in prosecuting a case so strongly advocated by the Debtor. Prior to approval of Special Counsel's employment, on March 24, 2017, after a lengthy hearing, this Court entered a Memorandum Opinion and Order in the Sabbatical bankruptcy case [Case No. 16-30247, Docket # 131]. By its Order, the Court appointed Mr. Fluharty as Chapter 11 Trustee because Mr. Johnson, as president of Sabbatical had diminished credibility and issues of trustworthiness. *Order at Page 16.*

13. Further, in early May 2017, the Trustee learned that an entity named TJDB, which was owned by Sabbatical's dock manager Dewey Webb had sold approximately 30,000 tons of coal to Noble Energy during the period of August through December 2016 for the sum of $1.2 million. The Trustee and Peoples Bank jointly filed a complaint against Webb and TJD&B and asserted that Johnson had knowledge of the sale.

14. Concerned about the negative impact of the allegations on the potential litigation against Peoples Bank, Dennis Johnson, on May 22, 2017, sent an email to Special Counsel, the Trustee, and the U.S. Trustee denying the allegations in the TJD&B complaint and stating that the coal sold by TJDB was purchased from Calgon Chemicals. (The Trustee has since determined that Mr. Johnson's email is false and that the coal sold by TJDB was removed from Lockwood Dock.)

15. On June 8, 2017, the Court approved the employment of Special Counsel.

16. On October 26, 2017, the Trustee by Special Counsel filed Civil Action 3:17-cv-04220 on behalf of the bankruptcy estates of Johnson, DJWV2, SMS, SMT, Redbud, Green Coal, AMR, Producer's Land, Producer's Coal, and JVD against Defendants Peoples Bank, Peoples Insurance Agency, LLC, Great American Insurance Company of New York, and Zachary B. Burkons in the United States District Court for the Southern District of West Virginia ("Civil Action").

17. After the Civil Action was filed, the Trustee was contacted by Counsel for Dewey Webb. Mr. Webb sought to resolve the adversary proceeding filed by the Trustee and Peoples Bank and agreed to a deposition conducted by the Trustee and Peoples Bank on March 2, 2018. Through the Trustee's discussions with Webb's counsel and based upon Mr. Webb's deposition

testimony, and the Trustee's dealings with Mr. Johnson in the bankruptcy cases, the Trustee determined that Dennis Johnson had made multiple misrepresentations to the Trustee and U.S. Trustee.

18. The misrepresentations made by Johnson to the Trustee, U.S. Trustee, and the Court prevent the Trustee, in his professional and business judgment, from accepting any statement by Johnson as true and credible. The Trustee recognizes that Johnson made many representations to Defendants and their agents leading to the events which gave rise to the allegations in the Complaint. The theories advanced in the complaint are complex and require trust and credibility of the Debtors to advance.

19. On March 9, 2018, Special Counsel filed a Notice of Withdrawal and Substitution of Counsel, substituting bankruptcy counsel, Joe Supple, as Counsel for the Trustee in the Civil Action.

20. After the withdrawal, the Trustee responded to the discovery request of Defendant Great American Insurance Company and took other measures to attempt to maintain the Civil Action while the Trustee considered options for salvaging any remaining value.

21. On or about April 14, 2018, the Trustee negotiated a settlement agreement with Peoples Bank that provided for a mutual release and dismissal of Peoples Bank.

22. On April 24, 2018, the District Court granted the motion of Defendant Zachary Burkons to dismiss him from the Civil Action. This motion was defended by Special Counsel prior to their withdrawal. The District Court held that based upon the Rooker-Feldman doctrine, the District Court lacked jurisdiction to review the final orders of the State Court appointing Mr. Burkons as receiver and that the Trustee should have sought relief in State Court. As a result of

the District Court's dismissal of Mr. Burkons, Counts 3, 4, 5, and 6 of the Trustee's complaint fail.

23. On May 10, 2018, the Trustee negotiated a settlement with Defendant Great American Insurance Company. Great American agreed to pay an additional $55,000.00 to the Southern Marine Terminal ("SMT") bankruptcy estate under SMT's business interruption policy in exchange for a release of claims asserted in the Civil Action. The Trustee also agreed to a mutual release with Peoples Insurance Agency.

24. The total recovery from the Civil Action as negotiated by the Trustee after Special Counsel's withdrawal is $55,000.00.

## Special Counsel's Application

25. Special Counsel assert that they are entitled to recover reasonable compensation for their efforts because they were not at fault for the termination of the engagement with the Trustee.

26. The Trustee asserts that in this case, the fault lies in the underlying allegations asserted by Dennis Johnson, the post-petition activities of Dennis Johnson, and the Trustee's lack of trust in the representations of Dennis Johnson. Special Counsel assumed the risk associated with representing an independent and impartial Trustee charged with administering the cases in the best interest of creditors and the estate.

27. Special Counsel had advance-notice of irregularities in the bankruptcy case and Johnson's credibility issues via this Court's Memorandum Opinion and Order in the Sabbatical case and the complaint filed by the Trustee as co-plaintiff with Peoples Bank against TJDB and Dewey Webb. As more and more facts were uncovered by the Trustee, the viability of the Civil

Action decreased. Sabbatical dock manager Dewey Webb, at his March 2, 2018 deposition, implicated Dennis Johnson in the TJDB coal sale scheme and further asserted that Dennis Johnson lied about being physically assaulted by Defendant Zack Burkons. Although Dewey Webb has credibility issues of his own, Mr. Webb's testimony helped the Trustee understand the operation of Lockwood Dock and enabled the Trustee to determine the source of the coal sold by TJDB, which was not the source advanced by Mr. Johnson. Additionally, an interview of environmental mine engineer Tonya Johnson revealed that Dennis Johnson misrepresented facts surrounding control of certain mining permits and his ownership of real estate in Wyoming County. The Trustee has a duty to all creditors in the case, including Peoples Bank the largest creditor, to fairly and justly administer the assets in the best interest of the estate.

28. As stated by Special Counsel in their application, Special Counsel was not terminated. Following the withdrawal of Special Counsel, the Trustee made every attempt to evaluate claims that did not depend on the credibility of Dennis Johnson. The Trustee interviewed key witnesses not previously interviewed by Special Counsel and reviewed documentation provided by Peoples Bank and by Dennis Johnson. The Trustee would have greatly appreciated the assistance of Special Counsel but did not object to the withdrawal.

29. Based upon the projected limited recovery from the Civil Action, including the partial dismissal of the Civil Action by the District Court, and for the reasons stated above, the Trustee objects to Special Counsel's application for administrative expense. The efforts of Special Counsel did not result in a benefit to the bankruptcy estates for which Special Counsel was employed.

        Thomas H. Fluharty, Chapter 11 Trustee
        By Counsel,

/s/ Joe M. Supple
Joe M. Supple (WV Bar 8013)
Supple Law Office, PLLC
801 Viand Street
Point Pleasant, WV 25550
304-675-6249

## CERTIFICATE OF SERVICE

I, Joe M. Supple, certify that a true copy of the foregoing TRUSTEE'S OBJECTION TO VERIFIED PETITION FOR ALLOWANCE OF ATTORNEYS FEES AND EXPENSE AS ADMINISTRATIVE EXPENSE was served by this Court's CM/ECF system on June 19, 2018 to all parties having registered in this case under the Court's CM/ECF system.

/s/ Joe M. Supple
Joe M. Supple
Supple Law Office PLLC
801 Viand Street
Point Pleasant, WV 25550
304-675-6249
joe.supple@supplelaw.net