**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

| | |
|---|---|
| IN RE:<br><br>DENNIS RAY JOHNSON, II, et al.,<br><br>Debtors. | Bankruptcy No. 3:16-bk-30227<br><br>Jointly Administered<br>Chapter 11 |

**OBJECTION TO VERIFIED PETITION FOR ALLOWANCE OF ATTORNEYS' FEES AND
EXPENSES AS A CHAPTER 11 ADMINISTRATIVE EXPENSE AND FOR AN ORDER
DIRECTING PAYMENT OF THE SAME**

AND NOW, comes Peoples Bank (the "**Bank**"), by and through counsel, and files this *Objection to Verified Petition for Allowance of Attorneys' Fees and Expenses as a Chapter 11 Administrative Expense and for an Order Directing Payment of Same (*"**Objection**"), and in support thereof, states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1134.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      Section 105(a) of the Bankruptcy Code governs the relief requested in this Motion.

**OBJECTION**

3.      On February 12, 2016, the Bank filed involuntary petitions for Southern Marine Terminal, LLC, Southern Marine Services, LLC, and DJWV2, LLC (the "**Involuntary Debtors**").

4.      On May 9, 2016, Dennis Ray Johnson, II ("**Johnson**") filed a voluntary petition under Chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, "**Bankruptcy Code**") to commence the Johnson Case before the United States Bankruptcy Court for the Southern District of West Virginia ("**Bankruptcy Court**").

5.      On May 18, 2016 (the "**Johnson Voluntary Entities Petition Date"**), DJWV1, LLC, Elkview Reclamation & Processing, LLC, Moussie Processing, LLC, Little Kentucky Elk, LLC, and Sabbatical, Inc. (the "**Johnson Voluntary Debtors"**) filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

6.      On August 12, 2016 (the **"Silo Petition Date"**), The Silo Golf Course, LLC ("**Silo"**) filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

7.      Finally, on August 31, 2016 (the **"Receiver Entities Petition Date"**), Appalachian Mining & Reclamation, LLC, Green Coal, LLC, Producers Coal, Inc., Joint Venture Development, LLC, Producers Land, LLC, and Redbud Dock, LLC (the **"Receivership Debtors"**) (collectively with the Involuntary Debtors, Johnson, the Johnson Voluntary Debtors, and Silo, the **"Debtors"**) filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

8.      By Order entered November 7, 2016, the Bankruptcy Court administratively consolidated Johnson's bankruptcy with the bankruptcies of the Debtors, other than Silo and Sabbatical.

9.      On November 7, 2016, Thomas H. Fluharty (the "**Trustee**") was appointed Chapter 11 Trustee for the Debtors, except for Sabbatical, Inc.

10.     Then, after a two-day evidentiary hearing held in November 2016, the Court, by Order dated March 24, 2017, appointed the Trustee as Chapter 11 Trustee over Sabbatical, Inc., and ordered that the case of Sabbatical, Inc., would also be consolidated with the remaining Debtors' (other than Silo) cases.

11.     On or around June 8, 2017, Movants, Patrick S. Cassidy and Thomas M. Cunningham, Esq., and Cassidy, Cogan, Shapell & Voegelin, L.C. and Martin P. Sheehan, Esq., and Sheehan & Nugent, P.L.L.C. ("**Special Counsel**") were appointed special counsel for the Trustee.

12.     The Court approved the terms of employment on a contingent fee basis of 40% of amounts recovered plus necessary costs and expenses.  To wit, the Trustee's Application to Appoint Special Counsel, filed on March 16, 2017 [Doc. No. 355](the "**Application**"), specifically states as follows: "The fees pertaining to the employment of Patrick Cassidy, Esquire and Cassidy, Meyers, Cogan & Voegelin, L.C., and Martin P. Sheehan, Esquire, and Sheehan and Nugent, PLLC., as agreed by the Trustee, subject to Bankruptcy Court approval, are on a contingency basis of 40% of amounts recovered plus necessary costs and expenses." Application, ¶5.

13.     The Order Authorizing Employment of Attorney for the Trustee entered on June 8, 2017 [Doc. No. 568](the **"Order"**) authorized the Trustee to employ Special Counsel "upon the terms described in his application."

14.     On May 11, 2018, Movants filed their *Verified Petition for Allowance of Attorneys' Fees and Expenses as a Chapter 11 Administrative Expense and for an Order Directing Payment of Same* (the "**Application**") requesting fees on a *quantum meruit* basis as reasonable compensation for the value of their services in representing the Trustee in a civil case in the United States District Court for the Southern District of West Virginia (the "**Civil Case**"), for the period of time before they withdrew their representation.

15.     In support thereon, Movants rely on West Virginia law that allegedly has "long held that an attorney who is discharged by the client without fault of the attorney may recover the reasonable value of his or her services." *See, Statler v. Dodson*, 195 W.Va. 646, 654 (1995).

16.     However, *quantum meruit* does not apply here as (a) the Appointment was specifically requested and approved on a contingent fee basis, and (b) there is no basis for the approval of fees, particularly as here, the attorneys were not discharged by the client but withdrew for reasons that have not be disclosed.

17.     Moreover, it is unclear what the benefit conferred to the Estate has been in connection with the Civil Case, and what the contingent fee would have been or was for the substitute counsel.  To the contrary, Special Counsel conferred no benefit on the estate and instead cost the estate substantial sums of money and left the Trustee open to liability.  Special counsel filed a complaint in bad faith without conducting anything that even resembled an investigation into the facts and law application to the situation.

18.     Moreover, q*uantum meruit* does not apply to the circumstances herein. Where attorneys are retained by a Trustee on a contingent fee basis, their fees are measured by the benefit to the estate.  *See, Sheehan v. W.Va.Dep't of Envtl. Prot. (In re T&T Fuels, Inc.),* 55 F. App'x 121, 123 (4th Cir. 2003).

19.     Even if quantum meruit were to apply, "[I]t is axiomatic that in a suit on quantum meruit for services the value of the services must be shown and not left to conjecture. *Statler v. Dodson*, 195 W. Va. 646, 654, 466 S.E.2d 497, 505 (1995)(internal citations omitted).

20.     The burden of proof is on the applicant who seeks compensation. The failure of a debtor or a creditor to present evidence in support of his objections is not sufficient to sustain the applicant's burden. *See, In re Marshall,* 2010 Bankr. LEXIS 3558, at *206-07 (Bankr. E.D. Va. Oct. 10, 2010)

21.     Despite very clearly being retained on a contingent fee basis, Movants now seek more than $626,178.00 in attorneys fees as an administrative expense in this bankruptcy proceeding and for which no benefit to the estate was conferred or can be ascertained.  None of the fees and expenses incurred were necessary or reasonable and should be denied.

22.     Finally, during the course of representing the Trustee, Special Counsel was or became disinterested and should not be entitled to any compensation from the estate.

WHEREFORE, the Bank respectfully requests the entry of an Order denying the Motion.

DATED:  June 19, 2018                          Respectfully Submitted,

                                               BERNSTEIN-BURKLEY, P.C.

                                               By:  */s/Kirk B. Burkley*
                                               Arch W. Riley, Jr. (WVSB #3107)
                                               ariley@bernsteinlaw.com
                                               Post Office Box 430
                                               Wheeling, WV 26033-0009
                                               (304) 215-1177 (T)
                                               (412) 456-8135 (F)

                                               Kirk B. Burkley (WVSB #11767)
                                               kburkley@bernsteinlaw.com
                                               John J. Richardson  (WVSB#: 13140)
                                               jrichardson@bernsteinlaw.com
                                               707 Grant Street, Suite 2200
                                               Pittsburgh, PA 15219
                                               (412) 456-8100 (T)
                                               (412) 456-8135 (F)

                                               *Counsel for Peoples Bank*

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the *OBJECTION TO VERIFIED PETITION FOR ALLOWANCE OF ATTORNEYS' FEES AND EXPENSES AS A CHAPTER 11 ADMINISTRATIVE EXPENSE* dated June 19, 2018 has been served this date upon all parties of record by the Court's CM/ECF system.

BERNSTEIN-BURKLEY, P.C.

By: */s/ Kirk B. Burkley*
       Kirk B. Burkley, Esquire