IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re:<br><br>DENNIS RAY JOHNSON, II, *et al.*,<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 16-30227<br><br>(Jointly Administered) |

### JAMES RIVER'S STATEMENT IN SUPPORT OF JOHNSON'S MOTION TO TREAT TRUSTEE'S MOTION TO COMPROMISE AS A SALE MOTION

JRCC Liquidating Trust (f/k/a James River Coal Sales, Inc.) ("James River"), files this statement in support (the "Statement in Support") of *Motion of Dennis Ray Johnson, II, to Treat Trustee's Motion to Compromise as a Sale Motion Under 11 U.S.C. § 363* (Docket No. 1105) (the "Johnson Motion") filed by Dennis Ray Johnson, II ("Johnson"). In further support of this Statement in Support, James River submits as follows:

### Relevant Facts

1.　　　　James River is an unsecured creditor of debtors Johnson and Producer's Coal, Inc.

2.　　　　On July 3, 2018, Thomas H. Fluharty, the Chapter 11 Trustee for the above-referenced bankruptcy estates (the "Trustee"), filed the *Trustee's Motion for Authority to Compromise Pending Civil Action Against Peoples Bank, Peoples Insurance Agency, LLC, Great American Insurance Company of New York, and Zachary B. Burkons (Docket No. 1084)* (the "Settlement Motion"). By the Settlement Motion, the Trustee seeks to compromise the lawsuit, captioned *Fluharty v. Peoples Bank N.A., et al.*, Civil Action No. 3:17-04220 (S.D. W. Va.) (the "Lawsuit"), filed by the trustee, against Peoples Bank N.A., Peoples Insurance Agency, LLC, Great American Insurance Company of New York, and Zachary B. Burkons (collectively, the

"Defendants") and other defendants. In particular, the Trustee proposes through the Settlement Motion to settle the Lawsuit against the Defendants for (i) a guaranteed payment of only $55,000 from Defendant Great American Insurance Company of New York, and (ii) a contingent agreement by Defendant Peoples Bank to contribute up to $250,000 in connection with a chapter 11 plan that will be co-sponsored by Peoples Bank and the Trustee.

3.  On August 3, 2018, Johnson filed Johnson's Motion (i) asking the Court to conduct a sale process for the Lawsuit, and (ii) offering (the "Johnson Offer") to purchase the Lawsuit in exchange for (1) an agreement by the Trustee's former special counsel, Sheehan & Nuget, PLLC and Cassidy Cogan Shappell and Voegelin, L.C., to (a) withdraw an administrative claim in the amount of $612,000 incurred investigating, preparing and prosecuting the Lawsuit on behalf of the Trustee, and (b) represent Johnson or another designee in the Lawsuit for a contingency fee, (2) an agreement by counsel to Johnson, Lewis Glasser PLLC, to withdraw an administrative claim of $108,000, and (3) an agreement by Johnson to return (a) the first $1,000,000 of the net recovery from the Lawsuit, and (b) 50% of the remaining net recovery in the Lawsuit.

## Argument

4.  As indicated in James River's letter to counsel to the Trustee, dated August 27, 2018 (the "August 27th Letter") and annexed hereto as Exhibit A, after reviewing the Johnson Motion and Settlement Motion, James River submits that the Trustee has a fiduciary duty to withdraw the Settlement Motion and work to maximize the value of the Lawsuit, including determining whether the Defendants or Johnson will improve an offer and/or serve as a stalking horse for a Court-approved auction process.

5. Established case law provides that the Trustee has a fiduciary duty to maximize the value of the estates' assets for the benefit of creditors. See In re Mushroom Transportation Co., Inc., 382 F.3d 325, 339 (3d Cir. 2004); see also In re Marvel Entertainment Grp., Inc., 140 F.3d 463, 474 (3d. Cir. 1998) (holding that a trustee's fiduciary duty includes the "duty to protect and conserve property in its possession for the benefit of creditors"). Put plainly, a central purpose of Bankruptcy is "maximizing creditor recovery." Precision Indus., Inc. v. Qualitech Steel SBQ, LLC, 327 F.3d 537, 548 (7th Cir. 2003).

6. Here, James River has serious concerns that the Settlement Motion seeks to compromise a potentially valuable estate asset – the Lawsuit that the Trustee valued at $70,000,000 – in exchange for only $55,000, and will provide no meaningful benefit to creditors in these bankruptcy cases. The Settlement Motion is devoid of any evidence that Peoples Bank will be obligated to make the proposed contribution of up to $250,000. Upon information and belief, the estates in these bankruptcy cases are administratively insolvent, and it does not appear that $250,000 would cover administrative expenses. As a result, there is no evidence at this time (or if the Settlement Motion is approved) that the Trustee will be able to pursue a confirmable chapter 11 plan and, thus, Peoples Bank will not be required to contribute any consideration for its release from the Lawsuit. See 11 U.S.C. § 1129(a)(9)(A) (providing that a court may only confirm a chapter 11 plan if the plan provides that, on the effective date, the holder of an administrative claim will receive, on account of such claim, cash equal to the allowed amount of such claim, "[e]xcept to the extent that the holder of [such claim] has agreed to a different treatment of such claim"). There also is no evidence that unsecured creditors will receive any opportunity for a recovery in these cases if the Settlement Motion is approved and the estates are stripped of the right to pursue the Lawsuit against the Defendants.

7.  In short, the Settlement Motion seeks to compromise a potentially valuable estate asset in exchange for nominal consideration (and no consideration from certain of the Defendants) that will redound no meaningful benefit to creditors.

8.  While the Johnson Offer does not include any cash component, the Johnson Offer is a higher and better offer for the Lawsuit at this time because the Johnson Offer (unlike the Settlement Motion) provides a chance for creditors, including unsecured creditors, to obtain a meaningful recovery in these bankruptcy cases. The Johnson Offer, however, should be exposed to market forces through a Court-approved auction and sale process to determine that it, in fact, is the highest and best offer for the Lawsuit, or whether the estates should retain the causes of action against the Defendants.

9.  Accordingly, in the August 27th Letter, James River asked the Trustee to withdraw the Settlement Motion and work to maximize the value of the Lawsuit. As of the date hereof, however, the Trustee has refused to take such action. The Trustee instead continues to push forward with the Settlement Motion and appears to be neglecting its fiduciary duty to creditors. James River, therefore, is forced to incur the costs to file this Statement in Support.

### Conclusion and Reservation of Rights

10. For the reasons set forth above, James River respectfully submits that the Trustee has a fiduciary duty to withdraw the Settlement Motion and work to maximize the value of the Lawsuit. James River expressly reserves its right to amend, modify, or supplement this Statement in Support and to raise any additional arguments and present evidence at any hearing concerning the Johnson's Motion and the Settlement Motion.

WHEREFORE, James River respectfully requests that the Court: (i) grant the relief requested herein, and (ii) grant such other and further relief as the Court may deem proper.

Dated: August 31, 2018

Respectfully submitted,

/s/ Matthew P. Heiskell
Matthew P. Heiskell (WVSB#10389)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street Suite 800 (Zip 26501)
P.O. Box 615
Morgantown, WV 26507-0615
304-291-7920
304-291-7979 (fax)

-and-

Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Justin F. Paget (VSB No. 77949)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

ATTORNEYS FOR JRCC LIQUIDATING TRUST (F/K/A JAMES RIVER COAL SALES, INC.)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 31, 2018, the foregoing was served upon all parties of record by the Court's CM/ECF systems.

/s/ Matthew P. Heiskell
Matthew P. Heiskell (WVSB#10389)

11149787