## EXHIBIT A

041855.0000048 EMF_US 70665751v2



HUNTON ANDREWS KURTH LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL   804 • 788 • 8200
FAX   804 • 788 • 8218

HENRY P. (TOBY) LONG, III
DIRECT DIAL: 804-787-8036
EMAIL: hlong@hunton.com

August 27, 2018

FILE NO: 41855.48

**VIA ELECTRONIC AND U.S. MAIL**

Joe M. Supple, Esq.
Supple Law Office PLLC
801 Viand Street
Point Pleasant, WV 25550
E-Mail: joe.supple@supplelaw.net

Re:   **In re Dennis Ray Johnson, *et al.*, Case No. 16-30227**

Dear Counsel:

   As discussed, this firm represents JRCC Liquidating Trust (f/k/a James River Coal Sales, Inc.) ("James River"), a creditor in the above-referenced bankruptcy proceedings (the "Bankruptcy Cases").  We have reviewed the following pleadings filed in the Bankruptcy Cases related to the lawsuit, captioned *Fluharty v. Peoples Bank N.A., et al.*, Civil Action No. 3:17-04220 (S.D. W. Va.) (the "Lawsuit"), filed by Thomas H. Fluharty, the Chapter 11 Trustee in the Bankruptcy Cases (the "Trustee"), against Peoples Bank N.A., Peoples Insurance Agency, LLC, Great American Insurance Company of New York, and Zachary B. Burkons (collectively, the "Defendants") and other defendants:

   1) *Trustee's Motion for Authority to Compromise Pending Civil Action Against Peoples Bank, Peoples Insurance Agency, LLC, Great American Insurance Company of New York, and Zachary B. Burkons* (Docket No. 1084) (the "Settlement Motion") filed by the Trustee and seeking to compromise the Lawsuit for (i) a guaranteed payment of only $55,000 from Defendant Great American Insurance Company of New York, and (ii) a contingent agreement by Defendant Peoples Bank to contribute up to $250,000 in connection with a chapter 11 plan that will be co-sponsored by Peoples Bank and the Trustee.

   2) *Motion of Dennis Ray Johnson, II, to Treat Trustee's Motion to Compromise as a Sale Motion Under 11 U.S.C. § 363* (Docket No. 1105) filed by Dennis R. Johnson, II ("Johnson") in these Bankruptcy Cases and offering (the "Johnson



Joe M. Supple, Esq.
August 27, 2018
Page 2

Offer") to purchase the Lawsuit in exchange for (i) an agreement by the Trustee's former special counsel, Sheehan & Nuget, PLLC and Cassidy Cogan Shappell and Voegelin, L.C., to (a) withdraw an administrative claim in the amount of $612,000 incurred investigating, preparing and prosecuting the Lawsuit on behalf of the Trustee, and (b) represent Johnson or another designee in the Lawsuit for a contingency fee, (ii) an agreement by counsel to Johnson, Lewis Glasser PLLC, to withdraw an administrative claim of $108,000, and (iii) an agreement by Johnson to return (a) the first $1,000,000 of the net recovery from the Lawsuit, and (b) 50% of the remaining net recovery in the Lawsuit.

***The purpose of this letter is to notify you and the Trustee that James River has serious concerns that the Settlement Motion seeks to compromise a potentially valuable estate asset and provides no benefit to creditors in these Bankruptcy Cases.***

Specifically, the Settlement Motion compromises an estate asset – the Lawsuit that the Trustee valued at $70,000,000 – in exchange for only $55,000. There is no evidence that Peoples Bank ever will be obligated to make the proposed contribution of up to $250,000. The estates in these Bankruptcy Cases currently are administratively insolvent, and it does not appear that $250,000 would cover administrative expenses. As a result, there is no evidence at this time (or if the Settlement Motion is approved) that the Trustee will be able to pursue a confirmable chapter 11 plan and, thus, Peoples Bank likely will not be required to contribute any consideration for its release from the Lawsuit. Accordingly, the Trustee is seeking to compromise an asset of the estates in exchange for nominal consideration (and no consideration from certain of the Defendants) that will redound no meaningful benefit to creditors.

Furthermore, the Johnson Offer appears to be the highest and best offer for the Lawsuit at this time. While the Johnson Offer does not include any cash component, the Johnson Offer at least provides a chance for creditors, including unsecured creditors, to obtain a meaningful recovery in these Bankruptcy Cases.

Accordingly, James River submits that the Trustee has a fiduciary duty to withdraw the Settlement Motion and work to maximize the value of the Lawsuit, including determining whether the Defendants or Johnson will improve their offer and/or serve as a stalking horse for a Bankruptcy Court-approved auction process. If the Trustee does not withdraw the Settlement Motion, James River intends to file necessary pleadings with the Bankruptcy Court because there is no evidence that the Settlement Motion is in the best interests of the estate and creditors.



Joe M. Supple, Esq.
August 27, 2018
Page 3

      Please contact me immediately should you have any questions.

                                                Sincerely,

                                                Henry P. (Toby) Long, III

cc:    Thomas H. Fluharty, Esq. (via email)
        Spencer D. Elliot, Esq. (via email)
        Debra A. Wertman, Esq. (via email)