IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN RE:

DENNIS RAY JOHNSON, II

    Debtor

Chapter 11
Case No. 16-30227

**OBJECTION OF DENISE JOHNSON OF THE JOINT PLAN FILED BY THE TRUSTEE AND PEOPLES BANK**

NOW COMES Denise Johnson by and through undersigned counsel and states as follows:

1. The disclosure and plan of reorganization contemplates that the Court has already approved the proposed settlement; the Court approved the settlement by Order entered March 31, 2019.

2. Denise Johnson previously filed an objection to the plan dated 2/14/2019, Docket Entry 1429.

3. Denise Johnson has appealed that Order (Dkt. Entry 1500); until that appeal is addressed by the District Court it is premature to consider the proposed plan if the District Court does not uphold the Bankruptcy Court's Order.

4. That the trustee's fiduciary duty to the creditors would not be satisfied with a plan that places Peoples Bank in the position of selecting the liquidating trustee to liquidate a claim against the Debtor or his wife.

5. A fiduciary is to act in a representative capacity for another in dealing with the property of helping to appoint the other "See generally Franklin Supply Co. v. Tolman, 450 F2d 1059, 1065 (9th Cir. 1971).

6. Additionally, having Peoples Bank serve one of the two parties to appoint the liquidating trustee when nine (9) disinterested creditors have asked the Court to allow the lawsuit in federal district court to go forward puts Peoples Bank in a position of having a fiduciary responsibility to all the creditors when

they have taken a position opposed to the wishes of the only creditors who have responded to the proposed settlement.

7. That the liquidating trustee does not appear to have any duty to communicate with or take into consideration the reasoned position of any of the other creditors even though in the proposed plan the Bank is co-advancing the plan which seeks to put the bank in a fiduciary status for the other claimants to appoint a liquidating trustee in light of the fact that other creditors seek to have the claim against the Bank pursued for the benefit of the estate.

8. That Denise Johnson holds three (3) proofs of claims in the Dennis Johnson consolidated cases.

9. That it would be inappropriate to name Peoples Bank as one of the two entities to nominate the trustee for any assets of the Debtor while they still are a defendant in an adversary proceeding where the Chapter 11 trustee is the plaintiff.

10. It would further be contrary to any concept of a trust relationship for Peoples Bank to serve as one of the two nominators for the liquidating trustee for the benefit of unsecured creditors inasmuch as nine (9) unsecured creditors plus Denise Johnson objected to the now approved settlement between the trustee and Peoples Bank (which has been appealed) who asserted that it is their belief that that settlement was not in the best interest of unsecured creditors.

11. That a fiduciary has a duty to act for the benefit of the companies or individuals for whom they are acting in a fiduciary compacity which may create a conflict for Peoples Bank to act as an entity to nominate the liquidating trustee if the appeal of Denise Johnson is successful.

12. There is nothing in the plan of reorganization that assures that the liquidating trustee who will administer the trust has any responsibility to inform unsecured creditors of any activities that they wish to pursue in terms of litigating to recover assets or any responsibility to obtain the input of or consent of the other claim holders.

13. It is not in the best interest of the estate to allow Peoples Bank to have a special position to "drive" the post confirmation litigation or as having any

part in appointing the liquidating trustee as the selection of any party acting for all creditors of the estate should not be acting in a self-serving capacity.

14. That Peoples Bank is not a disinterested nor an independent party.

15. Exhibit B may misrepresent the value of the real estate transferred; most of the values are according to the trustee based on values supplied by Dennis Johnson and do not reflect current market values and therefore do not reflect the market value as stated in the chart.

   a. The trustee's adversary proceeding 18-ap-3005 paragraph 21 page 4 and 5 values the property at $9,266,584.00 while Exhibit B values the property at $11,928,000.00.
   b. Several properties need to be torn down and/or have substantial repairs which are not taken into account.
   c. The value of the Marshall Real Estate Holding Property is on information and belief inflated.
   d. The trustee has filed a motion to retain an appraiser (Docket Entry 1419) and any plan should reflect property that values that are current/accurate market values.
   e. The Trustee filed a motion to hire an appraiser which was heard March 28, 2019. During the hearing the Trustee acknowledged that his values of properties involved in the adversary proceeding against Denise Johnson may not be correct and needed an appraiser to value at least two of those properties.

WHEREFORE, Denise Johnson asks this Court to find that the plan of reorganization is inappropriate inasmuch as it is creating a trust for liquidating the assets of the Debtor; assigning those assets to the plan administrator to be in part appointed by the Debtor's most aggressive creditor, Peoples Bank; to require any trustee to be appointed by all creditors to require any trustee to provide information and accept input from all creditors and reject the concept of a trust created without any responsibility of the trustee to communicate with or receive input from any of the creditors and otherwise reject the plan as proposed.

3

          DENISE JOHNSON
             By Counsel

*/s/ Andrew S. Nason*
ANDREW S. NASON (WVSB #2707)
Pepper & Nason
8 Hale Street
Charleston, WV 25301
(304) 346-0361
*Counsel for Denise Johnson*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN RE:

DENNIS RAY JOHNSON, II

    Debtor

Chapter 11 (filed in cases
Case No. 16-30227 and
Case No. 16-30247)

## CERTIFICATE OF SERVICE

I, Andrew S. Nason, counsel for the Denise Johnson, do hereby certify that I have served copies of the **OBJECTION OF DENISE JOHNSON OF THE JOINT PLAN FILED BY THE TRUSTEE AND PEOPLES BANK** upon the following by *ELECTRONIC FILING*, on the 5th day of April, 2019.

Thomas Fluharty (served electronically)

Debra A. Wertman (served electronically)

Joe Supple (served electronically)

Steve Thomas (served electronically)

Daniel J. Cohn (served electronically)

Matthew Pearsall Heiskell (served electronically)

Kirk B. Burkley and Arch W. Riley, Jr. (severed electronically)

Spencer Elliott (severed electronically)

    /s/ Andrew S. Nason
ANDREW S. NASON (WVSB #2707)
Pepper & Nason
8 Hale Street
Charleston, WV 25301
(304) 346-0361
*Counsel for Denise Johnson*