IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DENNIS RAY JOHNSON, II,

        Plaintiff,

v.                                  CIVIL ACTION NO.  3:20-0781

PEOPLES BANK, National Association,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before this Court is Defendant Peoples Bank's Motion to Dismiss Second Amended Complaint or Alternatively Refer to Bankruptcy Court. ECF No. 22. For the reasons herein, the Court **GRANTS** the Motion, insofar as it seeks to refer the case to Bankruptcy Court.

**I. FACTUAL BACKGROUND**

On or about May 9, 2016, Plaintiff Dennis Ray Johnson II filed a voluntary petition in bankruptcy with the United States Bankruptcy Court for the Southern District of West Virginia, Huntington Division, Case No. 3:16-BK-30227 (the "Bankruptcy Case"). Second Am. Compl. ¶ 6. On December 30, 2016, Defendant Peoples Bank, National Association (the "Bank") initiated an adversary proceeding against Johnson, Case No. 3:16-AP-03020 (the "AP Case"), to ask that certain debts owed by Johnson be determined nondischargeable. *Id*. ¶ 7.

The Bank and the Trustee of the bankruptcy case agreed to resolve disputes via a settlement agreement, whereby in consideration of various payments, waivers, and releases, the Bank was granted a release of all claims by the Debtors, the Estates, and the Trustee. *See* Motion to Sell and Attached Asset and Sale Purchase Agreement at 1-8, ECF No. 22-5. 4. In its Motion, the Trustee

sought approval of an Asset Sale and Purchase Agreement ("ASPA") between the Chapter 11 Trustee, as seller, and the Bank and Denise Johnson, as Buyers, whereby the Bank would acquire certain causes of action and related rights described in the Sale Motion. *Id.* at 3, ¶¶ 10. The Motion expressly referenced the settlement of the AP, and closing the ASPA was contingent on the entry of a consent judgment in the AP. *See id.* at 4 ¶¶ 12-13; 6,¶ 21; 20-21, ¶ 4.2. On March 31, 2019, the Bankruptcy Court approved the Settlement Agreement. Mem. Op. and Order with Attached Settlement Agreement, ECF No. 22-4.

Pursuant to this agreement, the Bank and the Trustee also entered into a "Stipulation to Resolve Adversary Proceeding and Consent Judgment" ("Stipulation") to resolve the AP case. Second Am. Compl. ¶ 8; *see also* Consent Judgment and Stipulation, ECF No. 22-8. The Stipulation granted a nondischargeable $4,000,000 judgment to Peoples Bank against Johnson. *See* Second Am. Compl. ¶ 9, *see also* Stipulation at ¶¶4-5. It also stated that if Johnson provided "complete cooperation" in the Bank's proceedings against others including Vitol Americas Corp. (Case No. 3:18-AP-3006), the judgment would be reduced to $2,000,000. Second Am. Compl. at ¶¶ 12-13; *see also* Stipulation at ¶ 13. It also provides for a "dollar for dollar reduction of the Judgment for money or other consideration actually received by the Bank from the Litigation." Second Am. Compl. at ¶ 11; *see also* Stipulation at ¶ 15. "Complete cooperation" was defined within the agreement, and whether Johnson provided complete cooperation was to be determined by a three-person panel who would vote fourteen days after the conclusion of the litigation (or four years from the date of record for the judgment). *See* Second Am. Compl. at ¶¶ 12, 14; Stipulation at ¶¶ 12 n.2, 20.

The Stipulation also notes that "the Bank agrees to a forbearance against Johnson from initiating or otherwise pursuing collection of the Judgment so long as Litigation is pending in any

capacity whereby a recovery could be made to reduce the Judgment." Second Am. Compl. at ¶ 13; Stipulation at ¶ 17. The final paragraph of the Stipulation provides that "[t]he Bankruptcy Court shall retain jurisdiction to determine any dispute over the interpretation or enforcement of the provisions of this order." Second Am. Compl. at ¶¶ 23; Stipulation at ¶ 25. The Consent Judgment entered by the Bankruptcy Court on September 30, 2019, awarded a $4,000,000 judgment against Johnson in favor of the Bank, pursuant to the Stipulation which was incorporated by reference. Consent Judgment, ECF No. 22-8.

 Johnson claims that after entering the Stipulation, he provided complete cooperation to the Bank. Second Am. Compl. ¶ 14. The litigation between the Bank and others, including Vitol Americas, Corp., was concluded by Stipulated Order of Dismissal on April 13, 2020. *Id*. ¶ 15. The Bank did not notify Johnson of the conclusion of the litigation; nor did it notify the panel so that it could vote on Johnson's cooperation within 14 days. *Id*. ¶ 16. Instead, the Bank's attorney sent Johnson a threat letter, disclosing that the litigation had resulted in a settlement of $3,210,000 and notifying Johnson that the Bank did not believe he had provided complete cooperation. *Id*. ¶ 17; Exhibit C, ECF No. 21-3. The Bank explained that the allocation of the settlement and expenses resulted in a $1,067.004.74 credit to Johnson against the Consent Judgment, and that it intended to pursue the remaining $2,932,995.26 balance of the judgment against him. *Id*. ¶ 17, Ex. C. The Bank also sent Mr. Johnson another letter in February 2021, requesting Johnson's cooperation on two additional matters, and requesting that he meet with the Bank's counsel and turn over documents. *Id*. ¶ 24.

 Johnson contends that the first letter was a definitive declaration of the Bank's position that the litigation was concluded and no further assistance from him was required. *Id*. ¶ 27. As a result, Mr. Johnson initiated this action based on his belief that the Bank was no longer seeking his

cooperation. *Id.* ¶ 28. The Complaint, in various unnamed counts, asks this Court for relief, including a declaratory judgment that the Bankruptcy Court has no jurisdiction to interpret and enforce the Stipulation; declaratory judgment that the Bank's failure to notify Johnson or the panel within 14 days of conclusion of the litigation estops or precludes the Bank from contesting Johnson's complete cooperation; declaratory judgment that Johnson receive a dollar for dollar credit against the Judgment in the amount of $2,270,754.74; declaratory judgment that the Bank has or will actually receive more than $2,000,000 in the litigation, thereby reducing the judgment to $0; declaratory judgment that the Bank is estopped from asking Johnson for his cooperation; and for an evidentiary hearing to determine whether the Bank acted in bad faith. *See e.g.,* Second Am. Compl., at 6-11.[1]

## II. LEGAL STANDARD

Federal law provides that district courts "shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11." 28 U.S.C. § 1334(b). Pursuant to these standards, this District's Local Rule of Civil Procedure 83.13 relies on 28 U.S.C. § 157(a) to provide that "all cases under Title 11, and all proceedings arising under Title 11 or arising in or related to a case under Title 11, are referred to the Bankruptcy Court for disposition." Bankruptcy courts also have ancillary jurisdiction to interpret and enforce their own prior orders. *Loc. Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934).

## III. ANALYSIS

The parties fundamentally disagree over whether the retention of jurisdiction by the Bankruptcy Court is part of an "order" and thus whether the Bankruptcy Court has any jurisdiction over the matter. Defendant notes that both the Order of the Court approving the Sale Motion and

---

[1] The Complaint also contains "Count Seven," which Plaintiff later moved to dismiss. ECF No. 26. The Court granted dismissal of this Count. ECF No. 28.

ASPA ("Sale Order" ECF No. 22-7) and the Stipulation entered (and incorporated by reference in the Consent Judgment) in the consolidated bankruptcy cases contained a provision by which the Bankruptcy Court expressly retained jurisdiction over any dispute over their interpretation, implementation, and enforcement. *See* Def.'s Mem. in Supp. of Mot. to Dismiss or to Refer at 15-18, ECF No. 23; Sale Order at ¶ R; Stipulation at ¶ 25; Consent Judgment. Plaintiff counters that the Stipulation is merely a settlement agreement and not part of a Court order, and thus this claim is not subject to the Bankruptcy Court's continued jurisdiction. Pl.'s Resp. at 15-19, ECF No. 24.

Where private settlement agreements exist, they are not "enforceable by a district court as an order of the court unless the obligation to comply with its terms is 'made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.'" *Smyth ex rel. Smyth v. Rivero,* 282 F.3d 268, 280-81 (4th Cir. 2002) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381 (1994)). The Supreme Court's guidance on the insertion of a jurisdictional provision is instructive to determine whether the Bankruptcy Court retained jurisdiction. Here, by the express terms of the Consent Judgment, the Stipulation's terms were "incorporated by reference." Consent Judgment at 1. In that Stipulation, the parties agreed that the "Bankruptcy Court shall retain jurisdiction to determine any dispute over the interpretation or the enforcement of the provisions of this Order." Stipulation at ¶ 25. This situation is one where jurisdiction is appropriate because the parties "obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal - either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Kokkonen,* 511 U.S. at 381. In that event, a breach

of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Id.* This is exactly the case here. Here, the Court even signed the Stipulation. Stipulation at 1.

Plaintiff's counsel urges this Court to consider that "the form of the Judgment was prepared by attorneys for the parties" and was not an enforceable court order but simply a settlement agreement. Pl.'s Resp. at 18-19. This Court will take into consideration that attorneys prepared the documents. Those attorneys specifically provided that the agreement would be subject to the Bankruptcy Court's jurisdiction, a provision which they could have foreseen would be included by the Court in its Consent Order referencing the Stipulation.

Given that the Bankruptcy Court can appropriately exercise jurisdiction and has expressly retained it, this Court must decide whether to refer this action to the Bankruptcy Court. Here, the parties have been in extensive bankruptcy proceedings as evidenced by the hundreds of pages attached to this litigation. Further, the outcome of this case may affect proceedings in another, related case currently before the Bankruptcy Court.[2] The Bankruptcy Case has more experience and investment in the case and will be well-equipped to manage Plaintiffs' claims. Further, the claims almost entirely involve interpretation of the Bankruptcy Court's own order, which is inherently an issue more appropriate for it to decide.[3] The Court is accordingly inclined to exercise its discretion to refer this action to the bankruptcy court for further proceedings.

---

[2] The proceedings in question are the Sabbatical Inc. bankruptcy, a case involving a Johnson's former company, and which is currently a pending consolidated bankruptcy case (Case No. 16-30247).

[3] There remains one cause of action that is not a declaratory judgment clarifying the terms of the Stipulation. However, it asks that this Court hold an evidentiary hearing to determine whether the Bank has acted in good faith. Insofar as this Count obviously rests on the determination of the interpretation of the Stipulation, the Court will refer the entire action.

## IV. CONCLUSION

For the foregoing reasons Defendant's Motion to Dismiss or Refer (ECF No. 22) is **GRANTED**. The Court accordingly **REFERS** this action to the United States Bankruptcy Court for the Southern District of West Virginia for further proceedings and orders it **REMOVED** from the docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:    January 14, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

A TRUE COPY CERTIFIED ON
1/14/2022
[Date]
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia
By /s/Jennifer Adkins Deputy